UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Vallin Bridges,

               Plaintiff,        Case No. 21-12366

v.                                 Judith E. Levy
                                United States District Judge
Mental Health Officers,

                                Mag. Judge Elizabeth A. Stafford
               Defendants.

_____/

**OPINION AND ORDER DENYING THE REQUESTS FOR CLASS CERTIFICATION AND FOR PRELIMINARY INJUNCTIVE RELIEF AND DISMISSING THE COMPLAINT**

Plaintiff Antonio Vallin Bridges, a state prisoner in the custody of the Michigan Department of Corrections, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Defendants appear to be the mental health officials at the Thumb Correctional Facility in Lapeer, Michigan and all mental health officials employed at the Sex Offender Office of the Michigan Department of Corrections ("MDOC"). (*Id*.) The Defendants include Dr. Robert Murell and Morget Grainer and unnamed mental health officials described as John Doe(s) and Jane

Doe(s). (*Id.*) Plaintiff purports to be bringing a class action lawsuit. (*Id.* at PageID.1.) For the reasons set forth below, Plaintiff's motion is denied.

## I. Background

Plaintiff alleges that MDOC mental health officials are requiring Michigan prisoners who are not convicted of a sex offense to participate in a sex-offender treatment program. (*Id.* at PageID.3.) According to Plaintiff, these prisoners are labeled sex offenders without the protections of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (*Id.*)

Plaintiff has asked the Court to certify this case as a class action so that every Michigan prisoner who has not been convicted of a sex offense but is required to complete a sex-offender treatment program, will not have to file a lawsuit. (*See id.* at PageID.3–4.) Plaintiff also seeks appointment of counsel to represent the class of prisoners, injunctive and declaratory relief, and "some kind of preliminary injuncti[ve] relief." (*Id.* at PageID.4.)

## II. Legal Standards

The Court is required to screen new complaints and to dismiss any complaint that is frivolous or malicious, fails to state a claim for which

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (footnote, quotation marks, and internal citations omitted). "To survive a motion to dismiss a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks "an arguable basis in law or in fact." *Yousif v. Lynch*, 796 F.3d 622, 630 (6th Cir. 2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The term "frivolous" in § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* (footnote omitted).

## III. Analysis

Plaintiff brings this action under 42 U.S.C. § 1983, which "makes 'liable' 'every person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting 42 U.S.C. § 1983). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Plaintiff's complaint lacks an arguable basis in law because his only claim is that state officials are forcing some unidentified Michigan prisoners who were not convicted of a sex offense to participate in a treatment program for sex offenders without due process of law. Plaintiff has not alleged that he is one of the prisoners who is or was required to participate in a sex-offender treatment program against his will, as required to state a §1983 claim. Accordingly, Plaintiff lacks standing

because he fails to plausibly allege that he was injured by conduct traceable to Defendants.

As Plaintiff lacks standing to pursue his own complaint, he cannot proceed as a class representative on behalf of others. The Sixth Circuit has also repeatedly held that pro se prisoner litigants, like Plaintiff, are inadequate class representatives. *See, e.g., Dunbar v. Prelesnik*, No. 16-1374, 2016 WL 11618615, at *1 (6th Cir. Oct. 27, 2016); *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Ziegler v. Michigan,* 59 Fed. Appx. 622, 624 (6th Cir. 2003); *Palasty v. Hawk,* 15 Fed.Appx. 197, 200 (6th Cir. 2001); *Marr v. Michigan,* No. 95–1794, 1996 WL 205582, at *1 (6th Cir. Apr.25, 1996).

## IV. Conclusion

The complaint lacks an arguable basis in law and fails to state a plausible claim for relief. Accordingly, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court orders that Plaintiff's complaint is DISMISSED, his request for class certification is DENIED. It is further ordered that Plaintiff's requests for appointment of class counsel and for preliminary injunctive relief are DENIED as moot, and that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28

U.S.C. § 1915(a)(3); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 682 (E.D. Mich. 2005) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

IT IS SO ORDERED.

Dated: December 7, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2021.

 s/William Barkholz
 WILLIAM BARKHOLZ
 Case Manager